UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NVOYE WENDELL JORDAN,<br><br>                Plaintiff,<br>v.<br>STEVEN B. WOLFSON, et al.,<br><br>                Defendants. | Case No. 2:18-cv-00159-JCM-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1;<br>Mot. for Certification – ECF No. 2) |

This matter is before the court on Plaintiff Nvoye Wendell Jordan's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion for Certification of Challenge to Constitutionality of Statutes (ECF No. 2). This Application and Motion are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Jordan is a pretrial detainee currently in the custody of the Clark County Detention Center. He proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). The district court determines the appropriate amount of an initial partial filing fee based on a formula provided in the statute. *Id*. Prisoners must pay an initial partial filing fee of the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *See* 28 U.S.C. § 1915(b)(1). After the

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees, the $50 administrative fee does not apply to prisoners granted IFP status under 28 U.S.C. § 1915. Thus, prisoners granted IFP status are only required to pay the $350 base fee.

1

initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. *See* 28 U.S.C. § 1915(b)(2). Mr. Jordan is therefore advised that even if this action is dismissed, he must still pay the full $350 filing fee pursuant to § 1915(b) and the monthly payments from his account will continue until the balance is paid. A prisoner's failure to pay the initial partial filing fee before the deadline stated in the court's order, which typically allow 30 days, "shall be cause for cause for dismissal of the case." LSR 1-3(c).

Here, Mr. Jordan has submitted a complaint along with the financial affidavit, financial certificate, and inmate account statement required by 28 U.S.C. § 1915(a)(2) and LSR 1-1 and 1-2. His financial affidavit shows that he is unable to prepay fees and costs or give security for them. Accordingly, the court will grant his request to proceed IFP pursuant to § 1915(a). Mr. Jordan's average monthly balance is $50.24, and his average monthly deposits are 210.63. Therefore, the court finds that he must pay an initial partial filing fee of $42.13, and he shall have until **March 8, 2018**, to submit his partial filing fee.

Upon receipt of the initial partial filing fee, the court will screen Jordan's proposed complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma pauperis* complaints").[2] If the complaint states a plausible claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a prisoner's initial partial filing fee be paid "*before* the court will order service of process") (emphasis added).

Accordingly,

**IT IS ORDERED**:

1. Plaintiff Nvoye Wendell Jordan's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. Mr. Jordan is permitted to maintain this action to conclusion

---

[2] 28 U.S.C. § 1915A(a) requires district courts to review every complaint "in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity." The court completes this review before allowing the case to move forward, issuing summonses, or requiring a responsive pleading. *See* 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007).

without prepaying the full $350 filing fee. This Order granting IFP status does not extend to issuance and/or service of subpoenas at government expense.

2. Mr. Jordan must pay an initial partial filing fee in the amount of $42.13 toward the full $350 filing fee. He shall have until **March 8, 2018**, to have the $42.13 initial partial filing fee sent to the Clerk of the Court.

3. Upon receipt of the initial partial filing fee, the court will screen Mr. Jordan's proposed complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. However, even if this action is dismissed, or otherwise unsuccessful, Mr. Jordan must still pay the full $350 filing fee pursuant to 28 U.S.C. § 1915 and the Prisoner Litigation Reform Act.

4. The Clerk of the Court shall RETAIN the Complaint (ECF No. 1-1), but ***SHALL NOT*** issue summons.

5. The Clerk of Court shall MAIL Mr. Jordan two copies of this Order. He must make the necessary arrangements to have one copy of this Order attached to a check in the amount of the initial partial filing fee.

6. Beginning the month following Mr. Jordan's payment of the initial partial filing fee, the Clark County Detention Center ("CCDC") shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent (20%) of the preceding month's deposits to Mr. Jordan's account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action pursuant to 28 U.S.C. § 1915(b)(2).

    a. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office and the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

    b. If Mr. Jordan should be transferred into the custody of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, and

///

indicate the amount that Mr. Jordan has paid towards his filing fee so that funds may continue to be deducted from his account.

7. Mr. Jordan's failure to comply with this Order by paying the initial partial filing fee before the **March 8, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

8. Mr. Jordan's Motion for Certification of Challenge to Constitutionality of Statutes (ECF No. 2) is **DENIED WITHOUT PREJUDICE** as premature. Jordan may refile the motion after the court has screened the complaint and determines that it states a plausible federal claim.

Dated this 5th day of February, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE