UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| NUOYE WENDELL JORDAN,<br><br>                              Plaintiff,<br>v.<br>STEVEN B. WOLFSON, et al.,<br><br>                              Defendants. | Case No. 2:18-cv-00159-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |
|---|---|

This matter is before the court for a screening of pro se Plaintiff Nuoye Wendell Jordan's proposed complaint (ECF No. 1-1). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## BACKGROUND

Mr. Jordan commenced this action by filing an Application for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) and a proposed complaint in January 2018. This case involves Jordan's allegations, pursuant to 42 U.S.C. § 1983, of civil rights violations prior to arrest and while he was a pretrial detainee at the Clark County Detention Center ("CCDC"). The court granted the application and informed Jordan that his complaint would be screened in due course after payment of the initial partial filing fee. Order (ECF No. 4). Jordan timely paid the $350 filing fee in installments. *See* Receipt of Payment (ECF Nos. 5, 6). The court will now screen the proposed complaint.

## DISCUSSION

After granting a prisoner's request to proceed IFP, a federal court must screen the complaint and any amended complaints filed before allowing the case to move forward, issuing summonses, and requiring a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner

1

seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639 (9th Cir. 2018). However, pro se litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

I. **MR. JORDAN'S FACTUAL ALLEGATIONS AND CLAIMS FOR RELIEF**

The proposed complaint (ECF No. 1) names as defendants (1) Steven B. Wolfson, Clark County District Attorney; (2) Stephanie Miley, District Judge of the Eighth Judicial District Court of the State of Nevada; (3) Jacob Vallani, Chief Deputy District Attorney; (4) Clark County; (5) Las Vegas Metropolitan Police Department ("LVMPD"); (6) Joseph Lombardo, Sheriff of LVMPD; and (7) John/Jane Does 1–20. Compl. at 3–4. Mr. Jordan asserts, pursuant to 42 U.S.C. § 1983, that defendants' misconduct violated his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.* at 1. He seeks a declaratory judgment as well as compensatory, nominal, and punitive damages. *Id.* at 9.

The complaint alleges that defendants violated pretrial detainees' constitutional right to reasonable bail through a program referred to as "house arrest" or "residential confinement." *Id.* at 3–4.[1] Mr. Jordan asserts that he was arrested on June 10, 2017, and charged with sale of a controlled substance and possession of a controlled substance with intent to sell. He was released on $8,000 bail. After his release, Jordan was re-arrested and booked on charges of sex trafficking of a child under 18 years of age and child abuse, neglect, and endangerment. Jordan's bail on the later charges was set at $150,000. He asserts he remained in custody at CCDC because he was unable to satisfy the excessive bail amount. Jordan's counsel sought a bail reduction from the state

---

[1] For consistency and to avoid confusion, the court will use the term "house arrest" throughout its screening.

court based on his inability to pay. However, the state court did not reduce his bail to a reasonable amount. Rather, the unreasonable condition of house arrest was imposed, which would have required monthly payments from Jordan to maintain pretrial release. This "substantially discouraged" Jordan from attaining release on bail.

In Claim I, Mr. Jordan alleges that defendants violated his Fourth Amendment right to be free from unreasonable seizure. *Id.* at 7. He asserts that defendants seized him and attempted to "detain him in his residence without justification and under the false auspices of being a 'reasonable bail' condition." *Id.* Mr. Jordan's continued detention at CCDC is a result of defendants' imposing the unreasonable bail condition, which directly discouraged him from invoking his bail rights.

In Claim II, Mr. Jordan alleges that defendants violated his Fifth and Fourteenth Amendment due process rights. *Id.* at 8. He claims that defendants deprived him of liberty without due process by imposing the condition of house arrest under the "false pretext" of a reasonable bail condition. To exercise his right to bail, Mr. Jordan would remain seized in his own home, his liberty restrained, and he would be forced to incur all costs of house arrest. He claims this is an unconstitutional restraint on his liberty.

In Claim III, Mr. Jordan alleges that defendants violated his Eighth Amendment right to be free from excessive bail and fines. *Id.* at 8–9. He claims Defendants subjected him to unreasonable and excessive bail by imposing the arbitrary and unreasonable bail condition of house arrest.

## II.  LEGAL STANDARDS

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim under §§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for failure to state a claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016) ("The phrase "fails to state

---

[2] All references to a "Rule" or the "Rules" in this Report of Findings and Recommendation refer to the Federal Rules of Civil Procedure.

1  a claim upon which relief may be granted" from § 1915(g) purposely "parallels the language of
2  Federal Rule of Civil Procedure 12(b)(6).") ( internal quotation omitted); *Knapp v. Hogan*, 738
3  F.3d 1106, 1109 (9th Cir. 2013). A district court may dismiss a plaintiff's complaint for "failure
4  to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule
5  12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*,
6  720 F.2d 578, 580 (9th Cir. 1983). For purposes of a Rule 12(b)(6) review, well-plead factual
7  allegations are accepted as true, but vague allegations, unreasonable inferences, and legal
8  conclusions are not entitled to the assumption of truth. *Teixeira v. County of Alameda*, 873 F.3d
9  670, 678 (9th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Sanders v. Brown*,
10 504 F.3d 903, 910 (9th Cir. 2007)).

11  A properly pled complaint must provide "a short and plain statement of the claim showing
12 that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand
13 for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must
14 allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v.*
15 *Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual
16 content that allows the court to make a reasonable inference that a defendant is liable for the
17 misconduct alleged. *Teixeira*, 873 F.3d at 678 (quoting *Iqbal*, 556 U.S. at 678). This plausibility
18 standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a
19 defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).
20 Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and
21 conclusions." *Id*. at 678. Merely reciting the elements of a cause of action and providing only
22 conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. The factual
23 allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the
24 opposing party to be subjected to the expense of discovery and continued litigation." *Starr v.*
25 *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A complaint should be dismissed where the claims
26 have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

27  **III.   ANALYSIS OF THE PROPOSED COMPLAINT**
28     For the reasons discussed below, the court finds that the proposed complaint fails to state

a plausible civil rights claim. Because the pleading states allegations that are properly viewed as habeas corpus claims, the court recommends dismissal.

Federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Federal law provides two main avenues to relief on complaints related to incarceration: (1) a petition for habeas corpus, 28 U.S.C. §§ 2241, 2254 , 2255; and (2) a complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Nettles v. Grounds*, 830 F.3d. 922, 927 (9th Cir. 2016) (en banc).

Section 1983 provides a mechanism for the private enforcement of rights conferred by the United States Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257–58 (1978)). Claims "turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750. However, a prisoner or pretrial detainee in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Muhammad*, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

The Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles*, 830 F.3d. at 927 (citing *Wilkinson*, 544 U.S. at 81–82). A "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82. Thus, despite § 1983's seemingly broad reach and "literal applicability" to each right conferred by the Constitution, certain claims are not actionable under § 1983 when specific habeas statutes plainly apply. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Where a complaint alleges habeas claims instead of § 1983 claims, the court should dismiss the claims without prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994).

When a pretrial detainee challenges a bail determination, the Supreme Court and the Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus).[3] Under Nevada law, an accused in custody pending trial may challenge a district court's bail decision by a petition for a writ of habeas corpus. *Application of Knast*, 96 Nev. 597, 597, 614 P.2d 2, 3 (1980) (citing NRS 34.530); *State v. Teeter*, 65 Nev. 584, 590–91, 200 P.2d 657, 661 (1948) (when a pretrial detainee alleges the trial court wrongfully denied bail, "the usual procedure is … a writ of habeas corpus."), *overruled in part on other grounds by Application of Wheeler*, 81 Nev. 495, 406 P.2d 713 (1965).[4]

Although Mr. Jordan has styled his proposed complaint as a § 1983 action, Claims I, II, and III actually request habeas relief. Jordan's claims allege excessive bail, due process violations in relation to bail, and unreasonable seizure and detention under the false pretext of a reasonable bail condition, *i.e.*, house arrest. These allegations fall within the core of habeas corpus because they challenge the fact or duration of Jordan's confinement. *See Wilkinson*, 544 U.S. at 78. He is

---

[3] The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Bail is excessive under the Eighth Amendment when it is set at a figure higher than an amount reasonably calculated to ensure the asserted governmental interest. *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack*, 342 U.S. at 4–6.

[4] *See also Vigil v. State*, 563 P.2d 1344, 1347 (Wyo. 1977) ("Habeas corpus is the appropriate remedy in the ordinary situation to test the excessiveness of bail. The proper procedure to challenge bail is to move for reduction and seek habeas corpus upon denial.") (citing *Teeter*, 65 Nev. at 590–91, 200 P.2d at 661).

not challenging conditions or particular restrictions at CCDC; thus, his claims do not turn on the circumstances of his confinement. *See Muhammad*, 540 U.S. at 750. Specific habeas corpus statutes and remedies clearly apply to his claims. In light of Nevada's available and adequate habeas remedies, Supreme Court precedent clearly provides that § 1983 is not the correct procedural mechanism for Mr. Jordan's claims. Accordingly, the court recommends dismissal of the proposed complaint without prejudice.[5]

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Plaintiff Nuoye Wendell Jordan's complaint (ECF No. 1-1) be **DISMISSED, without prejudice**, in its entirety for failure to state a claim.
2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 7th day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of

---

[5] The court has not completed a review of other potential issues that may arise in a habeas petition filed by Mr. Jordan. This report of findings and recommendation does not explicitly or implicitly find that a habeas petition would be free of deficiencies, procedural or otherwise. In addition, the court expresses no opinion regarding the exhaustion of Mr. Jordan's state court remedies, which is a prerequisite to filing a petition for writ of habeas corpus presenting constitutional claims to the federal courts. *See, e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980). Even when the claims in a habeas petition have been fully exhausted in the state courts, as a general rule, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.