UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NVOYE WENDELL JORDAN,<br><br>                  Plaintiff,<br>v.<br>STEVEN B. WOLFSON, et al.,<br><br>                  Defendants. | Case No. 2:18-cv-00159-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Ext. Time– ECF No. 10) |

This matter is before the court on pro se Plaintiff Nvoye Wendell Jordan's Motion to Extend Time (ECF No. 10). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

Plaintiff is a pro se prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently incarcerated at High Desert State Prison. He has received permission to proceed *in forma pauperis* ("IFP") in this case. *See* Order (ECF No. 4).

On February 2, 2019, the court entered a Report of Findings and Recommendation (ECF No. 8) in this case. The court found that Plaintiff's allegations request habeas corpus relief, which is not available in a civil rights action pursuant to 42 U.S.C. § 1983, and recommending that his proposed complaint be dismissed without prejudice. The court also informed Plaintiff that he must file any objection to the findings and recommendations "within 14 days of the date of service." R & R at 7–8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72).

On March 22, 2019, Plaintiff filed a motion requesting an extension through February 25, 2020, an additional 365 days, to file his objections. His request is based on his inability "to get to the law library" at the prison "due to the lockdowns and long waiting list to study court cases." ECF No. 10 at 1.

1

The Ninth Circuit has held that district courts should not insist upon "strict time limits" when "restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). When a prisoner submits an unchallenged explanation of why he is not able to comply with a deadline, an extension of time should be granted. *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).

The court will grant Plaintiff a brief extension, but a one-year extension is not reasonable. The deadline for Plaintiff to file specific written objections is extended until **May 16, 2019**. All other instructions for filing objections explained in the Report of Findings and Recommendation (ECF No. 8) remain in effect.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Nvoye Wendell Jordan's Motion to Extend Time (ECF No. 10) is **GRANTED in part and denied in part**.
2. Plaintiff shall have until **May 16, 2019**, to file specific written objections to the Report of Findings and Recommendation (ECF No. 8). All other instructions for filing objections remain in effect.

Dated this 16th day of April, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE